**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re:  LISA GAY MELLEM,<br><br>Debtor,<br><br>------------------------------<br><br>LISA GAY MELLEM,<br><br>Appellant,<br><br>v.<br><br>CARL J. MELLEM, Successor Trustee of the Dorothy B. Mellem Revocable Trust,<br><br>Appellee | No.   21-60020<br><br>BAP No. 20-1174<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Klein, Taylor, and Gan, Bankruptcy Judges, Presiding

Argued and Submitted November 18, 2021
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The appellant, Lisa Mellem, appeals the judgment of the Bankruptcy Appellate Panel in appellant's ongoing efforts to obtain $75,000 from the estate of her mother. The BAP ruled that, even if Lisa treated the funds as a loan that was discharged in appellant's bankruptcy proceeding, her mother was nevertheless free to treat the $75,000 as an advance on the appellant's inheritance. *In re Mellem*, 625 B.R. 172 (B.A.P. 9th Cir. 2021). The state probate court held that the mother intended such an advance. The bankruptcy court could not overrule that state court decision. Neither can we. The Bankruptcy Code prohibits an act to collect a debt that has been discharged as a personal liability of the debtor. *See* 11 U.S.C. § 524(a)(2). An advance on an inheritance does not constitute such a personal liability. The BAP, therefore, correctly recognized that an advance is not a loan that can be discharged in bankruptcy proceedings.

The motion to proceed in forma pauperis is denied as moot because Lisa Mellem paid the filing fee.

**AFFIRMED.**